UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ERWIN PILGRIM, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    No. 4:15 CV 102 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
|     Respondent. | ) |

## OPINION AND ORDER

Erwin Pilgrim, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding held at the Miami Correctional Facility (MCF-15-08-0246) on September 1, 2015. (DE # 1.) There, he was found guilty of battery with a weapon in violation of Code A-102 and sanctioned with the loss of 90 days earned credit time and a demotion in credit class by a hearing officer. (Id.) The charge was initiated on August 18, 2015, when Custody Officer Jones wrote a conduct report:

> On August 18, 2015 I, Officer R. Jones and Sgt. C. Shaffer was assigned as kitchen custody. We called for the DA1 food service count letter to the production hallway to be searched and released back to their assigned housing units. We observed offender Sosbe Brian 109346 had a swollen eye. Upon furth[e]r observation we noticed that he was wearing two t-shirts. The bottom t-shirt had blood on the collar. We then observed offender Pilgrim Erwin 229251 approaching the hallway without a t-shirt on. We then questioned Offender Pilgrim where his t-shirt was. Pilgrim advised us that he did not wear a shirt to work. We then ordered Offender Sosbe to remove his shirts, at that time we noticed that the outter [sic] shirt had the letters "NY[.]" Offender Pilgrim[']s nickname is "New York[.]" Pilgrim then admitted to us that the white shirt with the letters "NY" was his and that Offender Sosbe asked to borrow it. We then escorted offender Sosbe to the production hallway janitor closet and

stripped him out. We observed that offender Sosbe had several punctures to his body, back, neck, and head. Offender Sosbe also had two swollen eyes. We questioned Sosbe about what had happened. Offender Sosbe advised us that he had slip[p]ed in water and fell in the walk in cooler. Upon further questioning Offender Sosbe stated that he could not tell us anything because he had to live here. We then escorted offender Sosbe to the production bathroom. We then placed Offender Pilgrim in the production janitor closet and stripped him out. During the strip search we observed that Offender Pilgrim had what is to be believed to be blood on his jumpsuit, and several blood stains on his white t-shirt. We questioned Offender Pilgrim about the blood stains. Pilgrim advised us that the stains were from the bloody t-shirt that Offender Sosbe was wearing. Offender Pilgrim's story seemed unfeasable [sic]. Sgt. Shaffer then placed mechanical restraints on Offender Pilgrim and called for phase 1 yard staff to escort him to RHU. We then talked to Offender Sosbe in the production bathroom, but he continued to advise us that he could not say anything due to him having to live here. Offender Sosbe was then escorted to Phase 1 medical with a report of offender [i]njury to be seen by medical. Myself and Sgt. Shaffer searched the production walk in cooler where the incident occurred. We were able to locate 2 black metal rods stuffed inside a brown lunch sack.[] We also searched the trash can located outside the offender bathroom in production and located several white paper towels that had blood on them.

(DE # 5-1.)

On August 24, 2015, Pilgrim was formally notified of the charge and given a copy of the conduct report. (DE # 5-2.) He pled not guilty and did not request the assistance of a lay advocate. (Id.) He did request to call Offender Brian Sosbe as a witness and also asked to review the video and pictures of the two black rods. (Id.) Offender Sosbe submitted a written statement:

> I had blood all over my white t-shirt and wasn't gonna make it through the shake down. I knew they would try to say I got in a fight and didn't want to get in trouble so I went around asking for a different shirt. Offender Pilgrim said I could use his to get out just to wash it and bring it back the next day.

2

(DE # 5-4.)

Sandra Gunter also submitted a written statement:

> I, Sandra Gunter, was enroute to the Production office when offender Sosbe #109397 was entering the Food Bank. Offender Sosbe was to be enroute down the production hallway to go back to his housing unit. I then opened the food bank door to see offender Pilgram #229251 bare chested with his greens around his waist. I asked him what he was doing and he said that he borrowed a T-shirt from Sosbe and that he was giving it back. I informed him to get out of the food bank and down the hallway. Sgt Shaffer and Officer Jones were at the entrance of production hallway when I got them out of the food bank. Said officers then took control of the situation.

(DE # 5-3.)

The video was reviewed:

> On 09/01/2015 I (J. Prater) reviewed the DVR[.] [T]he DVR of the Food Service Area dated 08/18/2015 and the approx. time of 12:00pm to 1:00pm. This review was requested by offender Pilgrim, Erwin 229251 at his screening on 08/24/2015 for case MCF 15-08-0246. Due to the position of the cameras the incident that takes place can[]not be seen.

(DE # 5-5.)

A disciplinary hearing was conducted on September 1, 2015, where Pilgrim stated, "The write up does not say I assaulted anyone with a weapon. I just gave him a t-shirt" and "This incident happened well before I knew anything about it." (DE # 5-6.) The hearing officer noted that the pictures of the black rods were unavailable and that "no markings a fight happened." (Id.) Relying on the staff reports and the evidence from the witnesses, the hearing officer found Pilgrim guilty of assault with a weapon, in violation of Code A-102. (Id.) Pilgrim appealed to the final reviewing authority, but his appeal was denied. (DE ## 7-7; 7-9; 7-10.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Pilgrim raises four issues in his petition, which can be consolidated into three: (1) whether he received adequate notice of the charge; and; (2) whether the hearing officer's written report is adequate; and (3) whether the evidence supports the guilty finding.

First, Pilgrim complains that the conduct report did not provide him with adequate notice of the charge. The purpose of a conduct report is to inform the inmate of the charge against him. *Wolff* requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. 418 U.S. at 570. The conduct report identifies the offense as "Assault/Battery upon another with a weapon." The offense code is identified as "A-102". As detailed above, the conduct report explained how the battery was discovered, who was involved, a description of injuries to the victim, and a summary of the statements from both Pilgrim and the victim as to what had taken

4

place, the location of the blood that was discovered during the searches of both men, and a description of the weapons found in the area. (DE 5-1.) This clearly notified Pilgrim that he was charged with battery with a weapon.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.

*Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Thus, this is not a basis for habeas relief.

Second, Pilgrim claims that the hearing officer's written decision was inadequate because it failed to explain why he was found guilty. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Here, the hearing officer's report indicated that he considered the conduct report, and the witness statements. (DE 5-6.) His statement is not lengthy, but there is no mystery here. The hearing officer adequately identified the evidence relied on for his decision, and it is clear that he chose to believe that all the circumstantial evidence that Pilgrim battered the victim with a weapon over Pilgrim's denials. The written statement the hearing officer provided satisfied the minimal requirements of due process, and therefore this claim is denied.

Third, Pilgrim claims that there was insufficient evidence to establish his guilt. While Pilgrim makes much of the fact that there is no eyewitness testimony that Pilgrim assaulted the victim, Pilgrim is merely asking this court to re-weigh the evidence. The

relevant question is whether there is some evidence to support the finding of guilt. *See Hill*, 472 U.S. at 457. This is not a high standard, and in determining the sufficiency of the evidence, courts do not "conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The court will overturn a guilty finding based on insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992). And, even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

Pilgrim argues that he cannot be found guilty because there is no direct evidence that he assaulted the victim. However, as explained, direct evidence is not required to sustain a finding of guilt in a prison disciplinary hearing. Here, the circumstantial evidence contained in the Conduct Report and witness statements is sufficient. It reveals that Offender Sosbe was attacked and bleeding. It establishes that Pilgrim admitted giving his shirt to Offender Sosbe, but he lied about it when he was initially questioned. It also shows that Offender Sosbe did not rule out Pilgrim as his attacker. In addition, blood was found on Pilgrim's jumpsuit as well as his shirt without any

plausible explanation. And, finally, metal rods were found in the cooler where the attack occurred along with several bloody paper towels in a nearby trash can. Based on that, it was not arbitrary for the hearing officer to have inferred that it was Pilgrim who assaulted the victim. Though that is not the only possible conclusion, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The evidence here was sufficient to have found Pilgrim guilty.

For these reasons, the amended petition (DE # 3) is **DENIED** and this case is **DISMISSED**.

**SO ORDERED**.

Date: November 3, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT